[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13386
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00044-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO AGUILAR-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 4, 2013)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Aguilar-Ortiz appeals his 42-month sentence, twice the high end of his applicable guideline range of 15 to 21 months, which the district court imposed after he pled guilty to one count of illegal re-entry following conviction of a felony.[1]  On appeal, Aguilar-Ortiz asserts that his sentence is both procedurally and substantively unreasonable, arguing that the district court failed to consider any potentially mitigating factors under 18 U.S.C. § 3553(a), focused solely on Aguilar-Ortiz's criminal history and the need to deter him from unlawful reentries, and imposed a sentence greater than necessary to achieve the purposes of sentencing.  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 41 (2007).

To evaluate procedural reasonableness, we consider, among other things, whether the district court failed to consider the § 3553(a) factors or failed to adequately explain the chosen sentence.  See United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008).  "In consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly.  An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (citation omitted).

---

[1] Aguilar-Ortiz also pled guilty to one count of being in the United States illegally, and was sentenced to 6-months imprisonment, to be served concurrently.

2

Once we determine that a sentence is procedurally reasonable, we examine whether the sentence imposed is substantively reasonable in light of the totality of the circumstances. Livesay, 525 F.3d at 1091. We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted). The sentencing court commits such an error of judgment where it imposes a sentence that does not achieve the goals of § 3553(a). Id. at 1189. The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide needed educational or vocational training, or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need for restitution. Id. § 3553(a)(1), (3)-(7). The weight accorded to each of these

3

factors is within the district court's sound discretion.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Considering these standards, we cannot say that the district court abused its discretion.  First, we cannot say that Aguilar-Ortiz's sentence was procedurally unreasonable because the district court acknowledged on the record that it considered all of the § 3553(a) factors.  Second, we cannot say Aguilar-Ortiz's sentence was substantively unreasonable.  The district court's emphasis on the need to deter Aguilar-Ortiz from further criminal conduct, particularly in light of his several illegal reentries into the United States, did not render his sentence unreasonable because the weight given to any particular factor is generally left to the sound discretion of the district court.  Clay, 483 F.3d at 743.

**AFFIRMED.**